**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD WIGGINS** | : | |
| 5011 Godown Rd. Apt. E | : | |
| Columbus, OH 43220 | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:21-cv-4921 |
| | : | |
| v. | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| **WALLICK COMMUNITIES** | : | |
| 160 West Main St., Suite 200 | : | **Jury Demand Endorsed Herein** |
| New Albany, OH 43054 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>COMPLAINT</u>

NOW COMES Plaintiff Richard Wiggins ("Plaintiff") and proffers this Complaint for damages against Defendant Wallick Communities ("Defendant").

## <u>THE PARTIES</u>

1.      Plaintiff is a natural person residing in Franklin County, Ohio.

2.      Defendant Wallick Communities is an Ohio corporation doing business in the Southern District of Ohio.

3.      At all relevant times, Plaintiff was an employee as that term is defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, et seq. ("ADA") and by O.R.C. Chapter 4112.

4.      Defendant is an "employer" as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, et seq. ("ADA") and by O.R.C. Chapter 4112.

## JURISDICTION AND VENUE

5.      All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

6.      This action is brought pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, et seq. ("ADA"), the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331.  This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

7.      Venue is proper pursuant to 28 U.S.C. §1391 because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, Plaintiff performed his job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

8.      Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A."

## FACTUAL BACKGROUND

9.      Plaintiff was hired by Defendant on or around November 2, 2020 as a Maintenance Technician.

10.     Plaintiff's performance and disciplinary history is devoid of any significant issues.

11.     Plaintiff has a history of coronary artery disease and emphysema, both disabilities pursuant to the ADA and R.C. 4112.

12.     On February 3, 2021, while Plaintiff was shoveling snow on the job, he began experiencing chest pain and shortness of breath.

13.     He immediately went to the emergency room. On February 8, Plaintiff visited his primary care physician, who requested restrictions for Plaintiff.

14.     Plaintiff's doctor recommended that Plaintiff return to work, but that he should refrain from shoveling snow, as the cold weather and the exertion were the likely cause of his cardiac symptoms.

15.     On February 9, Plaintiff informed his supervisor Alan Knox, and Property Manager Deb Debinski of his work restrictions.

16.     Plaintiff did not hear back from either Mr. Knox or Ms. Debinski until February 12 when Ms. Debinski texted him asking if he was coming to work that day.

17.     Plaintiff had indeed gone to work that day and completed several work orders, which were part of his regular job duties.

18.     Nonetheless, Ms. Debinski sent Plaintiff home and asked him to submit a medical release to return to work with no restrictions.

19.     Plaintiff sent a letter from his primary care doctor to Mr. Knox again on the same day, which included the request for restrictions against shoveling snow, which was also a reasonable accommodation request.

20.     Later on February 12, Plaintiff received a text message from Mr. Knox asking for multiple items, including, copies of his hospital visits and the release and referral to Plaintiff's primary care doctor.

21.     Plaintiff provided a hospital summary to Mr. Knox titled, "After Visit Summary" by Ohio Health Dublin Methodist Hospital. Plaintiff had also provided the letter from his Primary Care Physician, John Michael Sutter, MD., detailing Plaintiff's restrictions against shoveling snow.

22.     The two discussed that Plaintiff could perform his other job duties outside of shoveling snow, which was a seasonal duty and not part of Plaintiff' regular job duties.

23.     On Monday, February 15, Mr. Knox again asked for the same items from Plaintiff, including a hospital summary and a primary care referral letter.

24.     Plaintiff had already submitted these items to Mr. Knox, which clearly stated that Plaintiff could not shovel snow as part of his job duties. However, Plaintiff emailed Mr. Knox the documents requested again on February 15.

25.     Because Defendant claimed it did not have a medical release for Plaintiff, Ms. Debinski sent him home that day until he was able to send his hospital paperwork.

26.     Plaintiff was surprised by this request because he had already given Defendant his doctor's note, which released him to work with minor restrictions and because Plaintiff had discussed these restrictions with Mr. Knox and they agreed that he could perform his regular job duties.

27.     Nonetheless, Plaintiff also sent his hospital summary that day. Mr. Knox then told Plaintiff to stay home from work until Defendant contacted him to return to work.

28.     Outside of the text requests from Alan Knox, Defendant did not clarify the paperwork it needed from Plaintiff. The text messages from Alan Knox to Plaintiff request, "copies of your hospital visits, the release and referral to your primary care doctor."

29.     The items requested from Mr. Knox are what Plaintiff provided to Defendant.

30.     Defendant terminated Plaintiff on February 20, 2021 for job abandonment, although it was Defendant which advised Plaintiff to stay home from work.

31.     He was never instructed to return to work.

32.     Additionally, Defendant continuously requested a medical/work release from Plaintiff when his only restriction and request for accommodation was his request not to shovel snow, and Plaintiff had provided documentation to support those requests.

33.     Defendant had no reason to believe Plaintiff could not work, generally. Moreover, Defendant requested several documents in less than one day, and then abruptly terminated him even though he provided the documents requested.

## COUNT I
### Disability Discrimination – R.C. §4112.02

34.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

35.     At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

36.     At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01(A)(13) of the Ohio Revised Code.

37.     Defendant knew Plaintiff was disabled and/or regarded him as disabled.

5

38.     Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

39.     Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions:  terminating his employment, retaliating against him, failing to provide a reasonable accommodation, failing to engage in the interactive process, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

40.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

41.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT II
### Disability Discrimination – Americans with Disabilities Act

42.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

43.     This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, et seq., and as defined in 42 U.S.C. § 12101.

44.     Plaintiff is an otherwise qualified individual.

45.     Defendant knew or had reason to know Plaintiff suffered from a disability, and/or regarded him as disabled.

46.     Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

47.     Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions:  terminating his employment, retaliating against him, failing to provide a reasonable accommodation, failing to engage in the interactive process, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

48.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

49.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT III
### Retaliation – R.C. §4112.02

50.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

51.     Plaintiff engaged in a protected activity by requesting reasonable accommodation for his disability.

52.     Defendant knew Plaintiff engaged in a protected activity.

53.     Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, refusing his reasonable

accommodation, failing to engage in the interactive process, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

54. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

55. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV
**Retaliation – Americans with Disabilities Act**

56. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

57. Plaintiff engaged in a protected activity by requesting reasonable accommodation for his disability.

58. Defendant knew Plaintiff engaged in a protected activity.

59. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, refusing his reasonable accommodation, failing to engage in the interactive process, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

60. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but

not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

61.    Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

### COUNT V
### Failure to Accommodate – Americans with Disabilities Act

62.    Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

63.    At all times material herein, Plaintiff was disabled, or regarded as being disabled, as defined in 42 U.S.C. §12102.

64.    Defendant knew or had reason to know that Plaintiff suffered from a disability, and/or regarded him as disabled.

65.    Plaintiff was an otherwise qualified individual with a disability.

66.    Plaintiff requested a reasonable accommodation for his disability when he requested to refrain from shoveling snow, due to concerns about his physical health.

67.    Such reasonable accommodations were possible for Defendant to provide.

68.    Defendant violated the ADA by failing to accommodate Plaintiff's disability, by terminating Plaintiff for issues related to his disability and by completely failing to engage in the interactive process.

69.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

70.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

### COUNT VI
### Failure to Accommodate – R.C. §4112.02

71.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

72.     At all times herein, Plaintiff suffered from an impairment within the meaning of R.C. §4112.01.

73.     At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01

74.     Defendant knew or had reason to know Plaintiff suffered from a disability and/or regarded him as disabled.

75.     Plaintiff requested a reasonable accommodation for his disability when he requested to refrain from shoveling snow, due to concerns about his physical health.

76.     Such reasonable accommodations were possible for Defendant to provide, yet Defendant failed to engage in the interactive process.

77.     Defendant violated R.C. §4112.02 by failing to accommodate Plaintiff's disability, by retaliating against Plaintiff for seeking a reasonable accommodation, and by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for Plaintiff's disability.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay,

compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Jamie R. Bailey*
Jamie R. Bailey (0099789)
(Jamie@thefriedmannfirm.com)
Rachel Sabo Friedmann (0089226)
(*Rachel@thefriedmannfirm.com*)
Peter G. Friedmann (0089293)
(*Pete@thefriedmannfirm.com*)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9756 (Phone)
614-737-9812 (Fax)
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Jamie R. Bailey*
Jamie R. Bailey (0099789)